Troy B. Froderman, SBN 012717
Margaret B. LaBianca, SBN 019169
BRYAN CAVE LLP, SBN 00145700
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Fax: (602) 364-7070
Attorneys for Plaintiffs Invitrogen Corporation
and Kettlebrook Insurance Company, Ltd.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Invitrogen Corporation, a Delaware corporation, and Kettlebrook Insurance Company, Ltd., a Bermuda corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Employers Insurance Company of Wausau a/k/a Employers Insurance of Wausau, A Mutual Company, a Wisconsin company,<br><br>Defendant. | No. _____<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiffs Invitrogen Corporation ("Invitrogen") and Kettlebrook Insurance Company, Ltd. ("Kettlebrook"), for their verified complaint against Defendant Employers Insurance Company of Wausau a/k/a Employers Insurance of Wausau, A Mutual Company ("Wausau"), state and allege as follows:

**SUMMARY OF PLAINTIFFS' POSITION**

1. This is a lawsuit to enforce the provisions of a "Confidential Settlement, Release and Hold Harmless Agreement" ("Settlement Agreement") entered between Plaintiffs and Wausau on or about April 7, 2003.

2. The Settlement Agreement resolved and released the parties' dispute over Wausau's duty to defend and/or indemnify Plaintiffs with respect to matters concerning

alleged environmental contamination ("Underlying Environmental Matters") at or arising from 19 sites located across the country ("Underlying Sites") and related litigations, among other matters.

3. In the Settlement Agreement, Plaintiffs and Wausau covenanted not to pursue any claims against each other that relate to the claims, actions, causes of action, rights, liabilities, obligations, demands and requests released in the Settlement Agreement, except as necessary to enforce the Settlement Agreement.

4. Nonetheless, Wausau now claims it is owed reinsurance coverage from Kettlebrook, a subsidiary of Invitrogen, for the amounts Wausau paid Plaintiffs regarding the Underlying Environmental Matters and related litigations.

5. In addition, Wausau has initiated arbitration proceedings regarding its claim -- not pursuant to the Settlement Agreement at issue, which does not have an arbitration clause -- but pursuant to a provision in the reinsurance agreements between Wausau and Kettlebrook regarding which there is no dispute here.

6. In this lawsuit, Plaintiffs seek a declaration that the Settlement Agreement prohibits Wausau's reinsurance claims against Kettlebrook arising from the matters resolved and released in the Settlement Agreement.

7. In addition, Plaintiffs seek damages for Wausau's breach of the Settlement Agreement.

8. Plaintiffs also seek to enjoin Wausau from further pursuing arbitration regarding the Settlement Agreement dispute absent Plaintiffs' consent.

## JURISDICTION AND VENUE

9. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, breach of contract, and injunctive relief.

10. Plaintiff Invitrogen is a Delaware corporation with its principal place of business in California.

11. Plaintiff Kettlebrook is a Bermuda corporation with its principal place of business in Bermuda.

12. Upon information and belief, Defendant Wausau is a Wisconsin corporation with its principal place of business in Wisconsin.

13. The amount in controversy exceeds the sum or value of $75,000.

14. Federal jurisdiction in this action is based upon 28 U.S.C. § 1332.

15. Venue is proper pursuant to 28 U.S.C. § 1391 because the insured risk that initiated the underlying dispute between Plaintiffs and Wausau that culminated in the Settlement Agreement occurred in Arizona. In addition, Wausau has previously submitted to the Court's jurisdiction with respect to the insured risks that underlie the instant dispute.

## ALLEGATIONS

### Invitrogen sought coverage from Wausau for losses incurred in Arizona in the Underlying Mogul Site Litigations.

16. On or about April 24, 1995, complaints captioned Baker v. Motorola, Inc., No. CV 92-02603, and Lofgren v. Motorola Inc., Nos. CV93-05521, 93-15612 and 94-08956 (consolidated), were filed in Maricopa County Superior Court, naming Dexter Corporation ("Dexter"), a predecessor-in-interest to Invitrogen, as a Defendant ("Underlying Mogul Site Litigations").

17. Wausau had issued certain liability insurance policies listing Dexter as the named insured.

18. Invitrogen sought coverage under these certain Wausau policies for its losses arising from the Underlying Mogul Site Litigation.

### Invitrogen sued Wausau for the benefit of its Wausau policies.

19. After several years of failed discussions with Wausau, on or about January 8, 2002, in the Maricopa County Superior Court, Invitrogen filed a lawsuit captioned Invitrogen Corporation v. Nationwide Insurance Company, and Employers Insurance Company of Wausau a/k/a Employers Insurance of Wausau, A Mutual Company, Case No. CV2002-000169 ("Arizona Coverage Lawsuit"), that sought the benefits of the Wausau policies with respect to the Underlying Mogul Site Litigation and

1  asserted that Wausau had breached the insurance contracts and committed bad faith. On or about April 10, 2002, Invitrogen filed a First Amended Complaint in the lawsuit.

20. Wausau subsequently removed the action to this Court where it was assigned Case No. CIV-02-0874-PHX-FJM.

**Wausau then filed a separate lawsuit against Invitrogen for a declaration that it did not owe Invitrogen with respect to the Underlying Mogul Site Litigations or claims arising at other Underlying Sites across the country.**

21. On or about February 11, 2002, in the Superior Court of Hartford, Connecticut, Wausau filed a separate lawsuit captioned Employers Insurance of Wausau A Mutual Company v. Dexter Corporation, CV 02-0814524-S ("Connecticut Coverage Lawsuit"), that asserted, among other allegations, that Wausau had no duty to defend or indemnify Invitrogen in connection with Underlying Environmental Matters at the Underlying Sites, including the Underlying Mogul Site Litigations.

**Plaintiffs and Wausau entered the Settlement Agreement to "buy their peace" with respect to all of the matters arising from the Underlying Sites.**

22. After a year of litigation in which motions were argued in both the Arizona Coverage Lawsuit and the Connecticut Coverage Lawsuit, Plaintiffs and Wausau deemed it to be in their respective best interests to settle and compromise their disputes pursuant to the Settlement Agreement, executed on or about April 7, 2003.

23. The Settlement Agreement was entered into by "Invitrogen" and "Wausau."

24. Paragraph 1.C of the Settlement Agreement defines "Invitrogen" to mean "Invitrogen Corporation, and its present or former agents, officers, directors, shareholders, employees, attorneys, representatives, successors, *subsidiaries*, divisions, parents, affiliates, partnerships, joint ventures, and assigns." (Emphasis added.)

25. Wausau agrees that Kettlebrook is a subsidiary of Invitrogen.

26. Kettlebrook, as a subsidiary to Invitrogen, is subject to the Settlement Agreement.

4

27. Paragraph 1.D of the Settlement Agreement defines "Wausau" to mean "Employers Insurance of Wausau A Mutual Company; any other insurance company that was or is now a member of the Wausau Insurance Companies; Nationwide Indemnity Company; any other insurance company that was or is now a member of the Nationwide group of insurance companies; and each of their predecessors, successors, affiliates, parents, subsidiaries, and owners."

28. Wausau is subject to the Settlement Agreement.

29. Pursuant to paragraph 12 of the Settlement Agreement, "Invitrogen and Wausau covenant not to commence or pursue any action, claim, or legal proceeding in the future against each other relating in any way to the claims, actions, causes of action, rights, liabilities, obligations, demands, and requests released in this Agreement pursuant to paragraph 3, above, except to the extent necessary to enforce this Agreement."

30. Paragraph 3 of the Settlement Agreement provides as follows:

> Except as to Wausau's obligations and duties established in this Agreement, Invitrogen, for itself, its assigns, its predecessors-in-interest, its successors-in-interest, its legal representatives, and any other person or entity who may claim any right, title or interest in any of the Policies through Invitrogen, does hereby fully and forever release and discharge Wausau, its directors, officers, employees, agents, and attorneys from any and all past, present and future claims, requests, demands, actions, causes of action, rights, liabilities, obligations, and lawsuits, whether at law, in equity, or otherwise, whether alleging personal injury, bodily injury, property damage, or any other harm, injury, damage, or violation or need for remedy, removal, or corrective action of any kind (including, but not limited to, claims for bad faith, punitive or other extra-contractual damages);
>
> a. Arising out of the Arizona Coverage Lawsuit; or
>
> b. Arising out of the Underlying Mogul Site Litigation; or
>
> c. Arising out of any Environmental Claim at the Mogul Site; or

5

    d.    Included within the definition of Underlying Environmental Matters; or

    e.    Seeking recovery for compensatory, punitive, exemplary, extracontractual, statutory damages or other relief based upon any allegation of bad faith, unfair dealing, unfair claims practice, unfair trade practice, breach of fiduciary or contractual duty, fraud, malice or oppression, defamation, intentional tort, or other actual or alleged act or omission in connection with the investigation, handling, adjustment, litigation, or settlement of any claim, request, demand, action, cause of action, right, liability, obligation, or lawsuit arising out of or in connection with the matters released in subparagraphs a through d, above.

31. According to paragraph 8 of the Settlement Agreement, Wausau and Plaintiffs entered the Settlement Agreement with the intention "to preclude incurring further litigation costs and to buy their peace."

**Now Wausau claims Plaintiffs owe Wausau with respect to matters resolved and released in the Settlement Agreement.**

32. In 2005, Wausau asserted a reinsurance claim against Kettlebrook for payments Wausau made to Invitrogen with respect to the Underlying Mogul Site Litigation and the Settlement Agreement – including costs Wausau incurred suing Invitrogen in the Connecticut Coverage Lawsuit.

33. Wausau claims that it is entitled to coverage pursuant to reinsurance agreements between Wausau and Kettlebrook.

34. By letter of November 3, 2005, Invitrogen explained that Kettlebrook, as a subsidiary to Invitrogen Corporation, is party to the Settlement Agreement, and that Wausau's reinsurance claims are prohibited because they relate directly to the matters resolved and released in the Settlement Agreement.

35. Wausau does not dispute that Kettlebrook is a subsidiary of Invitrogen, but persists in its claim for reinsurance.

6

### **Without Plaintiffs' consent, Wausau has demanded arbitration of the Settlement Agreement dispute.**

36. Wausau has demanded arbitration regarding its claim that Kettlebrook owes Wausau reinsurance coverage for matters resolved and released in the Settlement Agreement.

37. According to Wausau's demand, Plaintiffs must appoint an arbitrator by February 11, 2006, or lose the right to do so.

38. According to Wausau, once the arbitrators are in place, the parties have 60 days to present their cases.

39. The Settlement Agreement does not include an arbitration clause.

40. The Settlement Agreement expressly contemplates that disputes arising from the Settlement Agreement will be litigated.

41. Paragraph 14 of the Settlement Agreement provides for the payment of fees and costs incurred to enforce the Settlement Agreement as follows:

> In any action or litigation to enforce any of the provisions or rights under this Agreement, the non-prevailing Party to such action or litigation, as determined by the court in such action or litigation, shall pay the prevailing Party all of its reasonable and necessary costs, expenses, and attorneys' fees incurred therein (including, without limitation, reasonable and necessary costs, expenses, and fees on any appeal), and such costs, expenses, and attorneys' fees shall be included in and be part of a judgment in any action or litigation.

42. Similarly, Paragraph 12 of the Settlement Agreement provides that "[n]o Party shall seek to introduce into evidence the existence, terms, or negotiations of this Agreement in any litigation, except that a Party may offer such evidence in an action seeking solely to enforce the terms of this Agreement or in response to any allegation of misconduct by it."

43. Plaintiffs have not otherwise agreed to submit to arbitration regarding the Settlement Agreement.

44. Apparently, Wausau makes its demand for arbitration based upon Article VII of the reinsurance agreements between Kettlebrook and Wausau.

45. Article VII of the reinsurance agreements provides that "[s]hould an irreconcilable difference of opinion arise *as to the interpretation of this contract*, it is hereby mutually agreed that . . . such difference shall be submitted to arbitration . . . ." (Emphasis added.)

46. Plaintiffs and Wausau do not here dispute the interpretation of the reinsurance agreements; the dispute arises as to the interpretation of the Settlement Agreement.

47. Forcing Plaintiffs to arbitrate a dispute they have not agreed to arbitrate threatens irreparable injury.

48. With this verified complaint, Invitrogen has filed an application for preliminary injunction to enjoin Wausau from pursuing arbitration regarding the instant dispute pending resolution of this action.

## COUNT I: DECLARATORY RELIEF

49. By entering the Settlement Agreement, Plaintiffs and Wausau intended to buy their peace regarding the matters resolved and released in the Settlement Agreement.

50. They covenanted not to pursue each other further regarding such matters.

51. Wausau contends Plaintiffs owe Wausau reinsurance coverage for matters resolved and released in the Settlement Agreement.

52. Plaintiffs contend Wausau's claim against Plaintiffs for reinsurance coverage for matters resolved and released in the Settlement Agreement violates the terms of the Settlement Agreement.

53. Wausau has initiated arbitration to address this dispute.

54. Plaintiffs contend they are not subject to the arbitration because they have not agreed to arbitrate disputes regarding the Settlement Agreement.

55. Accordingly, a real, actual, substantial and present dispute exists between Plaintiffs and Defendant arising out of the Settlement Agreement sufficient to invoke this Court's power pursuant to 28 U.S.C. § 2201.

1    **WHEREFORE**, Plaintiffs pray for declaratory relief as follows:

2    A.   That Wausau claims reinsurance coverage from Kettlebrook for matters resolved and released in the Settlement Agreement;

4    B.   That the Settlement Agreement governs the parties' dispute as to whether Kettlebrook is obligated to reinsure Wausau for losses arising from matters resolved and released in the Settlement Agreement;

7    C.   That Wausau is prohibited by the terms of the Settlement Agreement from pursuing reinsurance coverage for matters resolved and released in the Settlement Agreement, including those matters regarding which Wausau now claims reinsurance coverage;

11   D.   That the Settlement Agreement does not require that Plaintiffs arbitrate disputes regarding the interpretation of the Settlement Agreement;

13   E.   That no other agreement requires that Plaintiffs arbitrate a dispute as to whether Wausau's claim for reinsurance coverage is prohibited by the terms of the Settlement Agreement;

16   F.   That Plaintiffs are awarded fees and costs incurred as a result of Wausau's improper claim for reinsurance coverage for matters resolved and released in the Settlement Agreement; and

19   G.   That Plaintiffs are awarded such other and further relief as the Court deems just and proper.

## COUNT II: BREACH OF CONTRACT

56.  By entering the Settlement Agreement, Plaintiffs and Wausau intended to buy their peace regarding the matters resolved and released in the Settlement Agreement.

57.  They covenanted not to pursue each other further regarding such matters.

58.  Now Wausau claims Plaintiffs owe Wausau reinsurance coverage for matters resolved and released in the Settlement Agreement.

59.  Wausau's claim breaches the covenants Wausau made in the Settlement Agreement.

60. As a result of Wausau's breach of the Settlement Agreement, Plaintiffs have been damaged in the amount of fees and costs incurred to respond to Wausau's claim for reinsurance coverage for matters resolved and released in the Settlement Agreement.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

A.  That Wausau's claim for reinsurance coverage for matters resolved and released in the Settlement Agreement is a material breach of the Settlement Agreement;

B.  That Wausau's breach of the Settlement Agreement has damaged Plaintiffs;

C.  That Plaintiffs are awarded fees and costs incurred as a result of Wausau's improper claim for reinsurance coverage; and

D.  That Plaintiffs are awarded such other and further relief as the Court deems just and proper.

### COUNT III.  INJUNCTIVE RELIEF

61. Wausau has initiated arbitration regarding Wausau's and Plaintiffs' dispute over whether Wausau is entitled to reinsurance coverage for matters resolved and released in the Settlement Agreement.

62. But the Settlement Agreement does not include an arbitration clause and Plaintiffs have not consented to such process.

63. Wausau may continue to take future actions that interfere with the rights of Plaintiffs to have the dispute between Wausau and Plaintiffs determined by this Court.

64. Wausau's continued efforts to pursue arbitration of the underlying dispute with Plaintiffs will cause irreparable injury to Plaintiffs.

65. Plaintiffs have no adequate remedy at law and therefore must invoke the equitable power of the Court.

66. Plaintiffs are entitled to the issuance and request an injunction in order to protect their rights.

**WHEREFORE**, Plaintiffs pray for injunctive relief as follows:

A. That Wausau is preliminarily and permanently enjoined from enforcing its interpretation of the Settlement Agreement pursuant to arbitration absent consent by Plaintiffs;

B. That Plaintiffs be awarded fees and costs incurred as a result of Wausau's improper demand for arbitration; and

C. That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

DATED this 18th day of January, 2006.

BRYAN CAVE LLP


By:_____S/_____
     Troy B. Froderman
     Margaret B. LaBianca
     Two North Central Avenue, Suite 2200
     Phoenix, Arizona 85004 4406
     Attorneys for Plaintiffs

COPY of the foregoing electronically
filed January 18, 2006.

_____S/_____

533488/0194385

STATE OF *Maryland* )
                    ) ss.
County of *Frederick* )

Lori Manca, being first duly sworn upon her oath, deposes and says:

1. I am the Regulatory Counsel of Invitrogen Corporation, one of the Plaintiffs in the foregoing action, and, as such, I am authorized to execute this verification for and on Plaintiffs' behalf.

2. I have read the foregoing complaint, I know the contents thereof, and the allegations contained therein are true to my knowledge, except the matters stated therein on information and belief, and as to those matters I believe the complaint to be true.

_____
Lori Manca

SUBSCRIBED AND SWORN to before me this 17th day of January, 2006.

_____
Notary Public

My Commission Expires:

MY COMMISSION EXPIRES AUGUST 1, 2008

534407