**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Invitrogen Corporation, et al., | ) | No. 06-232-PHX-MHM |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Employers Insurance Company of Wausau a/k/a Employers Insurance of Wausau, | ) ) ) | |
| Defendant. | ) ) ) | |

   Currently, before the Court is Plaintiffs' Invitrogen Corporation ("Invitrogen") and Kettlebrook Insurance Company ("Kettlebrook") (collectively "Plaintiffs") Motion for a preliminary injunction against Defendant Employers Insurance Company of Wausau ("Defendant" or "Wausau"). (Dkt#2). After reviewing the pleadings and holding oral argument on February 13, 2006, the Court issues the following order.

   The Court finds that Plaintiffs have satisfied their burden in seeking to preliminary enjoin Defendant. Specifically, Defendant Wausau is preliminary enjoined from pursuing the arbitration of the dispute of reinsurance payments it contends are owed to it under a reinsurance contract between it and Plaintiff Kettlebrook. In reviewing the dispute and pleadings offered by the parties it is clear that this dispute does not touch on the reinsurance contract entered into between these parties, but rather will be determined by the terms of the settlement agreement entered into between Plaintiff Invitrogen and Defendant finalized on April 7, 2003. As such, Plaintiffs have demonstrated a high likelihood of success on the

1  merits regarding their declaratory claim that they are not bound to the arbitration clause
2  found within the language of the reinsurance contract.   See First Brands Corp. v. Fred
3  Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir. 1987).

4  　　Moreover, the Court finds that Plaintiffs have also demonstrated the possibility of
5  irreparable harm if the arbitration proceedings are not enjoined.  Specifically, Plaintiffs have
6  set forth persuasive authority suggesting that the costs and fees associated with an
7  unnecessary arbitration as well as the potential cost of setting aside any unfavorable
8  arbitration result rises to the level of irreparable harm.  See McLaughlin Gormley King Co.
9  v. Teminix Intern. Co., 105 F.3d 1192, 1194 (8th Cir. 1997); PaineWebber Inc. v. Hartmann,
10 921 F.2d 507, 514 (3rd Cir. 1990), rejected on other grounds, United States v. Pool &
11 Canfield, 778 F. Supp. 1088, 1092 (W.D. Mo. 1991).  Therefore, Plaintiffs have satisfied the
12 second element of the preliminary injunction inquiry.  First Brands Corp., 809 F.2d at 1381.

13 　　　　**Accordingly,**

14 　　　　**IT IS HEREBY ORDERED** granting Plaintiffs' Motion for a preliminary injunction.
15 (Dtk. #2).  Because of the agreement between the parties, no bond will be assessed.

16 　　　　**IT IS FURTHER ORDERED** that the parties will meet and confer regarding future
17 handling of Plaintiff's declaratory claim regarding arbitration.  Specifically, the parties are
18 to provide a joint plan of action and their respective proposed orders or joint proposed order
19 by March 6, 2006.

20 　　　　DATED this 16th day of February, 2006.

_____
Mary H. Murguia
United States District Judge